UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE A. DROGOWSKI,

       Plaintiff,                                    Case No. 10-12080
                                                             Hon. Marianne O. Battani

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL
TIME (2DAYS) PURSUANT TO FED. R. CIV. P 6(b)(1)(B) AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

      Plaintiff Laurie A. Drogowski brings this action challenging the final decision of the Commissioner denying her application for Disability Insurance Benefits under the Social Security Act. The case was referred to Magistrate Judge Michael Hluchaniuk pursuant to 28 U.S.C. § 636(b)(1). Both parties filed dispositive motions, and in a Report and Recommendation ("R&R") dated July 12, 2011, Magistrate Judge Hluchaniuk recommended that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

**I. BACKGROUND**

      Plaintiff filed her claim on February 14, 2005, alleging that she became unable to work on December 23, 2004. This application was filed the day after Administrative Law Judge ("ALJ") B. Lloyd Blair, issued his decision on Plaintiff's prior application, in which he found Plaintiff was not disabled. Because the decisions made relative to Plaintiff's earlier

claim is relevant, a summary follows.

In her earlier application, Plaintiff alleged that she was disabled due to fibromyalgia and neck pain. (Rec. 394). Drogowski unsuccessfully sought review of by the Appeals Council, and the ALJ's decision became the final decision of the Commissioner. Plaintiff then filed suit in the United States District Court for the Eastern District of Michigan under 42 U.S.C. § 405(g), alleging the Commissioner's decision was not supported by substantial evidence. The matter was referred to a magistrate judge for a report and recommendation. After the magistrate judge recommended judgment for the Commissioner, Drogowski filed objections, which were rejected after *de novo* review. (Tr. 418).

In addressing the current application, after a hearing, on January 15, 2008, the ALJ Bennett S. Engelman, issued a decision finding Plaintiff was not disabled. The Appeals Council again denied review, and Plaintiff again filed suit.

In his Report and Recommendation, Magistrate Judge Hluchaniuk informed the parties that objections to the R&R needed to be filed within "fourteen (14) days of service" and that a party's failure to file objections would waive any further right of appeal. (R&R at 22). Neither party filed an objection within the time allotted; however, on July 27, 2011, after the deadline passed, Plaintiff requested additional time to file objections (Doc. No. 24).

The Court finds Plaintiff's request satisfies the "excusable neglect" standard set forth in Rule 6(b)(1)(B), FED. R. CIV. P. Accordingly, the Court considers the merits of her objection to the R&R.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review

of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1). Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).

## IV. ANALYSIS

To establish a compensable disability under the Social Security Act, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability within the meaning of the Social Security Act. Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993).

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).

The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520. If the claimant is so engaged, she is not disabled under the guidelines. Id. The second step examines whether the claimant has a severe impairment which significantly limits her ability to perform work-related functions. Id. When a severe impairment is found, the third step requires comparison of the

impairment to those impairments listed in Appendix I, 20 C.F.R. § 404, Subpt. P, to determine whether, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. Id. Should the claimant be unable to perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable her to perform other work in the national economy. Kirk, 667 F.2d at 529.

Here, in assessing Drogowski's first application for benefits, ALJ Blair determined that she had not been engaged in substantial gainful activity and that she had a severe impairment–fibromyalgia. (Tr. 745). He further determined that her impairment did not meet or exceed the criteria of the Listing of Impairments. (Id.). The ALJ concluded that the medical evidence did not indicate that Plaintiff's condition precluded her from performing her past relevant work as a bookkeeper, clerk, or office manager. (Id.). Accordingly, the ALJ found Plaintiff was not disabled.

In her subsequent application, ALJ Engelman considered the new evidence and concluded that res judicata applied to Drogowski's second application for disability benefits. The Court agrees for the reasons that follow.

Sixth Circuit authority supports the application of res judicata. In Drummond v. Comm'r of Social Sec., 126 F.3d 837, 842 (6th Cir. 1997), the Sixth Circuit held that the principles of res judicata maybe applied against the Commissioner. "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." Id. at 842 (citations omitted). After the decision in Drummond, the Commissioner issued an

Acquiescence Ruling requiring an ALJ to adhere previous findings by an ALJ unless the claimant presents new or material evidence of deterioration in her condition.

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the [Social Security] Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

SSAR 98-4(6), 63 Fed.Reg. 29771-01 (June 1, 1998) (Social Security Acquiescence Ruling explaining how the Commission applies Drummond in subsequent disability claims); Slick v. Comm'r of Social Sec., No. 07-13521, 2009 WL 136890 at *4 (Jan. 16, 2009). Consequently, the standard is met only if Plaintiff presented new and material evidence that her condition worsened. Therefore, under governing law, the Court must reject Plaintiff's contention that she is not required to show a worsening of her condition merely a change in circumstance.

In the alternative, Drogowski asserts that she presented new and material information. Specifically, in her initial application she alleged disability due to fibromyalgia; she now asserts disability due to a neurologic condition. In support of the changed circumstance, Plaintiff presented the sworn statement of Dr. Allan G. Clague and the results of the consultative examination by Dr. R. Scott Lazzara, who could not rule out the possibility that Plaintiff had "Lou Gehrig's disease or other demyelinating process. . .or multiple sclerosis or muscular dystrophy." (Tr. 663).

Here, the Court agrees with the analysis in the R&R that the new evidence

5

presented merely reflects a change in diagnosis, not a change in condition.

> In this case, Plaintiff's new and material evidence does not establish that her condition *worsened* during the new time period. Rather, it shows that the nature of Plaintiff's condition may have been misdiagnosed during the prior claim period. Plaintiff does not even attempt to show that her condition or symptoms worsened after the first ALJ's decision. Rather, her entire argument, at its core, is focused on how the first ALJ's decision was incorrectly decided because he misinterpreted the evidence as confirmed by Dr. Clague. Even if true, this is precisely the type of claim that is barred by res judicata. [T]he mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual.

(R&R at 21 (internal punctuation and citations omitted)).

In sum, Plaintiff's evidence is insufficient because a diagnosis does not equate with entitlement to benefits. Moreover, the fact that neurologic disorders may be progressive, likewise does not satisfy her burden. She must show a worsening of her condition. Yet, in his sworn statement, Dr. Clague stated that Drogowski's current neurological examination shows no major change over the last examination conducted in January 2003. (Tr. 513, 524). He further stated that there was no significant alteration in her condition. (Tr. 525). This prior examination results were presented in Plaintiff's prior application for benefits. The evidence offered by Dr. Lazzara was cumulative. Notably, the record includes observations of muscle weakness, and that information was before ALJ Blair as he considered Plaintiff's prior application.

Here, the Court finds that Plaintiff advanced no new and material evidence. Consequently, Plaintiff failed to show her entitlement to benefits.

**V. CONCLUSION**

6

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation, **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.  Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATE: September 28, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were e-filed and/or mailed to counsel of record on this date.

                                        s/Bernadette M. Thebolt
                                        Case Manager